**TIMOTHY LADNER AND LORAINE LADNER**

**VERSUS**

**OCHSNER BAPTIST MEDICAL CENTER, L.L.C. AND ABC INSURANCE COMPANY**

\*  NO. 2024-C-0543

\*  COURT OF APPEAL

\*  FOURTH CIRCUIT

\*  STATE OF LOUISIANA

\*

\*

\* \* \* \* \* \* \*

**CONSOLIDATED WITH:**

**TIMOTHY LADNER AND LORAINE LADNER**

**VERSUS**

**OCHSNER BAPTIST MEDICAL CENTER, L.L.C. AND ABC INSURANCE COMPANY**

**CONSOLIDATED WITH:**

**NO. 2024-C-0545**

**BELSOME, J., DISSENTS IN PART AND CONCURS IN PART WITH REASONS.**

I dissent, in part, from the majority for the reasons set forth below.

I agree with the majority to the extent that it affirms the trial court's denial of Gray's and Carriere-Stumm's Motions for Summary Judgment. I also agree with that part of the majority's reasoning that the purchase of an insurance policy that insures both the owner and the contractor is permissible in this instance. La. R.S. 9:2780.1 provides for just this eventuality:

I. Nothing in this Section shall invalidate or prohibit the enforcement of the following:

(1) Any clause in a construction contract containing the indemnitor's promise to indemnify, defend, or hold harmless the indemnitee or an agent or employee of the indemnitee if the contract also requires the indemnitor to obtain insurance to insure the obligation to indemnify, defend, or hold harmless and there is evidence that the indemnitor recovered the cost of the required insurance in the contract price. …

(2) Any clause in a construction contract that requires the indemnitor to procure insurance or name the indemnitee as an additional insured on the indemnitor's policy of insurance, but only to the extent that such additional insurance coverage provides coverage for liability due to an obligation to indemnify, defend, or hold harmless authorized

pursuant to Paragraph (1) of this Subsection, provided that such insurance coverage is provided only when the indemnitor is at least partially at fault or otherwise liable for damages ex delicto or quasi ex delicto.

As the majority noted, Robert Stumm of Carriere-Stumm testified that the cost of the policy was passed on to the owner as part of the overhead. Therefore, the only two requirements for the enforceability of the insurance contract pursuant to La. R.S. 9:2780.1(I)(1) are met. In fact, Gray issued a certificate of insurance showing that OCF was a named insured under the insurance policy it issued. This sort of arrangement, in the context of a construction project, is practical. If OCF and Carriere-Stumm had bought separate insurance policies, the two insurers would be adversaries in any claim for injuries during the life of the project. That would increase the cost of insuring both parties.

When Gray issued a certificate of insurance that communicated to OCF that it was a named insured, it committed itself to the terms and conditions of that policy.

There are two essential promises made by Gray's commercial general liability policy. Gray, as the insurer, promises to defend the insured and to indemnify it in the event of a covered loss. It has long been held that the obligation to defend is broader than the obligation to indemnify. The Supreme Court delineates the distinction between the obligation to defend and the obligation to indemnify:

> As explained in *Yount v. Maisano,* 627 So.2d 148, 153 (La.1993), "the insurer's obligation to defend suits against its insured is broader than its liability for damage claims." "The insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." *Id.* (Citing *American Home Assur. Co. v. Czarniecki,* 255 La. 251, 230 So.2d 253 (1969); *Meloy v. Conoco, Inc.,* 504 So.2d 833 (La.1987)). "Thus, if assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit." *Id.* The allegations of the petition are liberally

construed to determine whether they set forth grounds which bring the claim within the insurer's duty to defend. *Id. Arceneaux v. Amstar Corp.*, 2010-2329 (La. 7/1/11), 66 So. 3d 438, 450.

To the extent that the majority relies on *Meloy v. Conoco, Inc.*, 504 So. 2d 833, (La. 1987), I believe that reliance is misplaced. In *Meloy*, the court explicitly honors the distinction between a policy of insurance and an indemnity agreement:

> An indemnity agreement is a specialized form of contract which is distinguishable from a liability insurance policy.[10] A cause of action under a liability insurance policy accrues when the liability attaches. Appleman, Insurance Law and Practice (Buckley ed.) § 4261. However, an insurer's duty to defend arises whenever the pleadings against the insured disclose a possibility of liability under the policy. *American Home Assurance Co. v. Czarniecki, supra;* Appleman, Insurance Law and Practice (Berdal ed.) § 4683.01. On the other hand, an indemnity agreement does not render the indemnitor liable until the indemnitee actually makes payment or sustains loss. BLACK'S LAW DICTIONARY 692-93 (5th ed. 1979); Appleman, Insurance Law and Practice (Buckley ed.) §§ 4261, 6668. *Meloy*, 504 So. 2d at 839.

The court also noted that, "[T]he insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." Meloy, 504 So. 2d at 838.

As an insured under the policy issued by Gray, OCF is entitled to a defense. It may be determined later that Gray will not owe OCF an indemnity for the claims alleged. However, until such a determination is made, Grey owes the duty to defend OCF under a reservation of rights. In keeping with this understanding of the parties' respective obligations, I would affirm that portion of the trial court's decision granting OCF's motion for summary judgment.